EDWARD F. MORSE *vs.* NOBLE E. SMALL.

Oxford. Opinion June 1, 1882.

*Pleading. Pleas puis darrein continuance.*

A plea *puis darrein continuance* is a waiver of general issue and if the matter pleaded is found against the defendant the plaintiff is entitled to peremptory judgment.

ON REPORT.

Assumpsit on a promissory note for one hundred dollars, given by the defendant to the plaintiff July 24, 1879.

The opinion states the case presented to the law court and the material facts.

The following is the written acknowledgment of payment and relinquishment of all claims by the plaintiff pleaded in defence.

"Paris, April 2, 1880.

I hereby certify that I have received of O. F. Small in full payment of my note against Noble E. Small, on which a law suit is now pending in court, and I hereby relinquish to said Noble E. Small all further claims against him and this shall be his receipt in full of all claims, debts or accounts.

Witness: E. F. Morse."
M. E. Morse, Lister E. Poor."

*Enoch Foster, Jr.* for the plaintiff, cited: 1 Chitty, *659; Gould Pl. c. VI, § § 122, 126; Spaulding's Practice, 373; *Renner* v. *Marshall*, 1 Wheat. 215; *Kimball* v. *Huntington*, 10 Wend. 675; *Mckeen* v. *Parker*, 51 Maine, 359; Howe's Pr. 431.

*R. A. Frye*, for the defendant, cited: 32 Maine, 316; 35 Maine, 483.

The law presumes that the written discharge of the suit given by the plaintiff contains the agreement entered into between O. F. Small and the plaintiff, and parol evidence cannot vary or control the same. 60 Maine, 465; 23 Maine, 136; 62 Maine, 477.

The meaning and intention of the parties must be ascertained from the paper itself. 44 Maine, 496; 12 Maine, 58; 32 Maine, 474; 10 Wall. 604; Big. Estoppel, 416; 36 N. Y. 335; 28 Maine, 525; 36 Maine, 176; 43 Maine, 192; 49 Maine, 149; 51 Maine, 52; 48 Maine, 275.

VIRGIN, J. After the general issue was pleaded and joined, the defendant, at the September term, 1880, pleaded a written acknowledgment of payment in full of the note in suit and a relinquishment of all claims by the plaintiff *puis darrein continuance.*

In his replication the plaintiff alleged that by agreement the plaintiff's costs were to be paid as a condition precedent to the validity of the written acknowledgment, and that they had not been paid.

The defendant rejoined that he did not agree to pay the costs as a condition precedent to the validity of the written acknowledgment, and tendered an issue thereon to the country, which was joined by the plaintiff. Thereupon the parties went to trial and reported the testimony for the law court to render judgment upon.

The plaintiff and his wife testify unqualifiedly that by express agreement the plaintiff's costs were to be paid before the suit was settled and the note given up. The brother of the defendant who was the negotiator of the attempted settlement also testified to the same and that he wrote a letter to the plaintiff's counsel stating such to be the agreement and requesting him to make the

bill of costs as reasonable as he could. Moreover he testifies that the defendant understood that the costs were to be paid out of the fifty dollars, which the defendant paid to the witness.

Receipts though in writing are always open to explanation by parol.

We have no doubt of the soundness of the decisions cited by the defendant upon the question of estoppel; but we do not perceive their applicability to the case at bar. .

The defendant having waived the general issue and placed his case upon a special issue which the testimony compels us to find against him, the plaintiff is entitled to a peremptory judgment on the note. *Mckeen* v. *Parker*, 51 Maine, 391; Spauld. Pr. 373, 374.

> *Judgment for the plaintiff for*
> *one hundred dollars and*
> *interest from date of writ.*

WALTON, BARROWS, DANFORTH and SYMONDS, JJ., concurred.